IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL DEL GROSSO and<br>ESTHER DEL GROSSO,<br><br>    Plaintiffs,<br><br>vs.<br><br>STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE COMPANY and<br>STATE FARM FIRE & CASUALTY CO.,<br><br>    Defendants. | Case No.  4:09-cv-01940CAS |

**SUGGESTIONS IN SUPPORT OF DEFENDANTS' MOTION FOR NEW TRIAL**

Defendant has directed the Court in the Motion for New Trial to only a few of the cases which rule that is reversible error for a party to elicit testimony from a police officer that no traffic citation was issued to someone.  Additional cases which support this proposition include Wills v. Townse Cadillac-Oldsmobile, Inc., 490 S.W.2d 257 (Mo. 1973), Dorrell v. Moore, 504 S.W.2d 174 (Mo. App. 1973), Cotton v. Pile, 400 S.W.2d 72 (Mo. 1966), Hacker v. Quinn Concrete Co., Inc., 857 S.W.2d 402 (Mo. App. W.D. 1993), Stucker v. Chitwood, 841 S.W.2d 816 (Mo. App. 1992) and Kearbey v. Wichita Southeast Kansas, 240 S.W.3d 175 (Mo. App. W.D. 2007).

Kearbey, at p. 184, discusses at length why it is prejudicial to admit testimony like that given by Trooper Turner regarding his investigation into a basis for finding Plaintiff negligent. "Missouri Courts have long recognized that juries are likely to give undue weight to an investigating officer's assessment of the relative degree of fault of the parties in the traffic accident" citing Kahn, 55 S.W.3d at 443 and Chester v. Shockley, 304 S.W.2d 831, 835 (Mo.

1

1957).

Kearbey also noted the prejudicial effect of testimony by an officer that a party did not do anything to contribute to the cause of an accident. Id at 185.  See also Kahn, 55 S.W.3d at 441-442.  Stucker and Kahn found error in the admission of such opinion testimony.  Particularly, in our case, when counsel for Plaintiffs used closing argument to highlight the police officer's opinions, there is error and prejudice.  This case is identical to Wills, supra, where the Court held the combination of such testimony and argument of counsel was conclusive on the issue of prejudice.  Id at 263.

This Court was given the opportunity to consider the problems with admission of medical bills without competent medical testimony to support their admission.  It is without question that some of the bills admitted into evidence did have proper medical support.  Counsel for Plaintiffs prepared a grid for the Court to use to analyze whether medical bills were supported by Affidavits of billing record custodians or doctors' testimony.  A copy of the grid identified as Attachment 1 to document 51, is attached to these Suggestions and incorporated herein by reference.  It shows that there was no expert testimony presented for many of the bills.  The attachment does not clarify that at least half of Dr. Schroer's bill and half of the DePaul Center bill were not supported by medical testimony because they were for 2010 treatment received after Dr. Schroer's deposition testimony, before the bills were in existence.  The improperly admitted bills increased the claim for charges to Plaintiff by almost $50,000.00.  It added to the amounts paid by about one-third.

The Court denied the objections to billing affidavits at the Motion in Limine hearing and

when raised to the bills at the time of admission.  Counsel preserved the questions of law regarding these matter by making objections both in the Motions in Limine and renewing those objections during the trial.

The Court admitted all of the medical bills and the Affidavits supporting them in evidence at the close of Plaintiffs' case over Defendant's objections.  Competency, relevancy, hearsay, lack of foundation, unconstitutionality and failure to comply with §490.525 R.S.Mo. were all raised and renewed.  By its plain language, the statute did not follow corporations to designate someone to give affidavits of reasonableness for the medical bills.  The legislature knew what it meant when it identified those who could provide affidavits contemplated by §490.525 R.S.Mo..   When the legislature indicates only a person can designate a billing records affiant, the presumption is the legislature knows the difference.

A distinction between whether a corporation can incorporate or whether a person must do so was considered in Mark Twain Cape Girardeau Bank v. State Banking Board, 528 S.W.2d 443 (Mo. App. 1975).  The Court acknowledged there that §351.010 et seq, as the corporation statutes existed at that time, did not allow a general business to incorporate another general business corporation.  The case held that "persons" in a statute means "natural persons".

The predecessor provision to §490.525 R.S. Mo. did not allow for a designee to provide an affidavit.  The first statute passed regarding this matter required the person providing treatment to provide the affidavit.  The history of the statute clearly shows the thinking of the legislature and its intent.  The legislature expected the person who provided treatment would be competent to provide the affidavit.  If a corporation was able to make such affidavits for its bills, there would have been no reason to amend the statute, because corporations must act by their designees.

3

The affidavit form proposed by the amended version of the statute did not require language which would be necessary to make the affidavit relevant in this case. None of the billing records affidavits admitted into evidence in this case, stated be that the treatment was necessary and <u>caused</u> by the accident with Mr. Johnson.

The statute does not require such wording in an affidavit because it was never intended to be used in a tort case. The statute provided a procedure for a treating physician to prove his/her bill only in a collection case. Affidavits under §490.525 were not intended to be in aid of a bodily injury suit or a substitute for competent medical testimony.

Missouri has a longstanding and extensive body of case law that refuses evidence from business records where the competency of the evidence from the record is not made clear. The Missouri Business Record Statute does not permit evidence to be admitted from a business record if the individual would be incompetent to testify regarding the matter offered in person. <u>State v. French</u>, 28 S.W.2d 170 (Mo. App. 1975), <u>Hamilton v. Missouri Petroleum Products Co.</u>, 438 S.W.2d 197 (Mo. 1969) and <u>Glidwell v. Elliott</u>, 600 S.W.2d 701 (Mo. S.D. 1980).

The above referenced cases cite a rule that is every bit as applicable in the medical opinion area. Certainly, some out of court statements of Plaintiff's treating physicians would be admissible. An example of such a case would be <u>Klotz v. St. Anthony's Med. Ctr.</u>, 311 S.W.3d 752 (Mo. 2010). Citing <u>Allen v. St. Louis Public Service Co.</u>, 285 S.W.2d 663 (Mo. 1956) the Court analyzed whether everything in the doctor's report was admissible and held that speculation and conjecture were not admissible. It also observed that objectionable parts of any such business record may still be excluded on proper objection. Diagnosis and opinion are only admissible when they are based on observation and the facts developed during an examination of a patient.

4

By analogy, we do not know the competency of the billing records custodians who gave the affidavits for the various corporate employers.  In many cases we do not know who designated them, i.e., whether it was the person who treated the patient or not.  None of the Affidavits suggest that the treatment Mr. DelGrosso received was necessary because of the accident in our case.

The use of such affidavits, well after the close of discovery, pursuant to this Court's Case Management Order, shows just how unfair the billing record affidavit process is when used in Federal Court.  Defendants cannot take depositions from the various billing records custodians to show that they did not have any knowledge or expertise to make their affidavits competent.  Under the circumstances, without such competence being shown, Defendant maintains that the aforementioned body of case law warrants this Court drawing a presumption they were incomplete and refusing their admissibility.

This Court declined to exclude the affidavits because they were based upon an unconstitutional statute . That unconstituationality is obvious from the difference between how plaintiffs and defendants are treated under §490.525 R.S.Mo.  Defendants must present competent medical evidence to counter affidavits within 30 days of the Affidavits being filed.  The Affidavits of Plaintiffs did not need to be from competent medical witnesses at all.

Paragraph 6 of §490.525 shows by its requirements of what is required in a counter Affidavit how plaintiffs and defendants are not treated equally.  This is a violation of the Equal Protection Clause of the United States Constitution and the Missouri Constitution as well.  See, Article 1 Section 2 of the Missouri Constitution, as amended.

Lastly, the bills and the amounts charged were not probative of any matter whatsoever.  They were not an item of damages that Plaintiffs sustained.  Their admission in evidence was

5

irrelevant.  Plaintiffs only lost the amounts paid.  The amounts charged did not become a matter of loss to them and should not have been admitted into evidence because the evidence was highly prejudicial, not probative to any issue and irrelevant.  Federal rules of evidence support the exclusion of irrelevant evidence.  Here, the Court should have excluded the Affidavits and any evidence of the amounts charged on such grounds.  Rule 401 F.R.E. (2011).

       The Court would properly sustain Defendant's Motion for New Trial on the issues of both liability and damages.

                                      **/s/ Daniel E. Wilke**
                                      Daniel E. Wilke #24464MO
                                      James A. Wilke #51242MO
                                      Attorney for Defendants
                                      WILKE & WILKE, P.C.
                                      2708 Olive Street
                                      St. Louis, Missouri 63103
                                      314-371-0800
                                      Fax: 314-371-0900
                                      wilke@wilkewilke.net

       I hereby certify that on March 7, 2011 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

John D. Anderson
Attorney at Law
911 Washington Avenue, Suite 400
St. Louis, MO 63101
ja@hurthelp.net
ATTORNEY FOR PLAINTIFFS

                                      **/s/ Daniel E. Wilke**
                                      Daniel E. Wilke #24464MO
                                      James A. Wilke #51242MO
                                      Attorney for Defendants
                                      WILKE & WILKE, P.C.

                                            2708 Olive Street  
                                            St. Louis, Missouri 63103  
                                            314-371-0800  
                                            Fax:   314-371-0900

DEW:lb